QUESTION: Is it lawful for a county property appraiser, when appraising subdivided lands for tax assessment purposes, to consider the cash equivalent or discounted value of unrecorded purchase agreements when such contracts do not provide for possession of the property by the purchaser until all deferred payments are made and a warranty deed is recorded?
SUMMARY: In appraising property for ad valorem taxation purposes, the property appraiser may consider unrecorded contracts for the purchase of such property. However, if the appraiser is to use such contracts as a basis for valuing the property, then he must make adjustments from the price of the property stated therein to reflect, inter alia, the costs of financing such sales and the costs attributable to the fact that a conveyance of the subject property may not be ultimately consummated under such circumstances. Your question is answered in the affirmative. Article VII, s. 4, State Const., provides in pertinent part as follows: "By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, . . . ." (Emphasis supplied.) In Walter v. Schuler,176 So.2d 81 (Fla. 1965), the court determined that "fair market value" and "just valuation" are legally synonymous and may be established by the classic formula that it is the amount a purchaser willing but not obligated to buy would pay to one willing but not obliged to sell. In an attempt to secure just valuation or 100 percent valuation of real property for ad valorem taxation the Legislature enacted s. 193.011, F.S., which provides in pertinent part: In arriving at just valuation as required under s. 4, Art. VII of the state constitution, the tax assessor shall take into consideration the following factors: (1) The present cash value of the property; * * * * * (8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing. (Emphasis supplied.) In appraising property, the appraiser must consider all circumstances or conditions of the property or the sale of the property in arriving at its present value. While exact similarity between different properties is unusual, and tax assessors generally have to take many matters into consideration in determining the fair market value, the intrinsic value of property, for purposes of taxation, is to be determined by taking into account not one, but all, favorable and unfavorable circumstances that would control the admeasurement of its present value were it placed upon the market to be sold by the owner. (Emphasis supplied.) [City of Tampa v. Colgan, 163 So. 577, 582
(Fla. 1935).] Contracts for the purchase of real estate including the prices stated therein are in my opinion relevant to the value of that property and may accordingly be "considered" by the appraiser in valuing such property. However, since fair market value contemplates the cash price a willing buyer would pay for the property itself in the condition existing on the current tax day, and to the exclusion of the costs of the sale including the costs of financing, per s. 193.011, supra, the appraiser must make adjustments from the stated price of a contract for purchase of real estate for such factors as the costs of financing the sale and the fact that some of such sales are not ultimately consummated. The fact that such agreements are not recorded would not in my opinion disqualify them from consideration for market value purposes assuming they are bona fide arm's length transactions. Cf., AGO 074- 216.